Christopher B. Turcotte (CT-0867)
TURCOTTE LAW, P.C.
641 Lexington Avenue, 15th Floor
New York, New York 10022
(212) 937-8499
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIN YU GAO,<br><br>                    Plaintiff,<br><br>         - against -<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                    Defendant. | Case No. 1:25-cv-254<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and based upon the grounds set forth in this Notice of Removal, defendant JPMorgan Chase Bank, N.A. ("Chase") hereby moves to remove the claims at issue in plaintiff Xin Yu Gao's ("Plaintiff" or "Gao") Complaint, as described more fully below, from the Supreme Court of the State of New York, County of York, to the United States District Court for the Eastern District of New York. In support of its Notice of Removal, Chase states as follows:

1. On November 21, 2024, Plaintiff served Chase's agent for service of process with a Summons with Notice filed in the Supreme Court of the State of New York, County of York, where the matter was assigned Index No. 160839/2024 (the "State Court Action"). A true and accurate copy of the Summons with Notice is attached hereto as Exhibit "1".

2. On December 11, 2024, Chase timely filed a Notice of Appearance and Demand for Complaint in the State Court Action. *See* true and accurate copy of Notice of Appearance and Demand for Complaint attached hereto as Exhibit "2".

3. On December 26, 2024, Plaintiff filed her Complaint. A true and accurate copy of the Complaint is attached hereto as Exhibit "3".

4. The Complaint constitutes the initial pleading for purposes of removal under 28 U.S.C. §1446(b) as it provides the necessary facts to support this notice of removal. Removal is thus timely under 28 U.S.C. §1446(b) because Chase has filed this notice within thirty days of service of the Complaint. Chase has not responded to the Complaint in the State Action.

5. The Complaint alleges in sum and substance that Chase violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's claim that she is a victim of identity theft in connection with her Chase credit card account ending in 5098 and by its continuing to furnish erroneous information to her credit report concerning this account. As a consequence of Chase's actions, Plaintiff allegedly suffered multiple credit denials and denials of increases to existing credit limits, as well as embarrassment, humiliation, and other emotional harm. *See* Ex. 3, at ¶¶95-107.

6. This Court has original jurisdiction over this action because it arises under the laws of the United States. 28 U.S.C. § 1331. "[A] case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Here, the Complaint asserts a cause of action created by federal law under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. The FCRA applies to claims involving any information furnished to consumer reporting agencies. *See Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47-48 (2d Cir. 2011)(citing 15 U.S.C. §1681t(b)(1)(F)("[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter … relating to the responsibilities of persons who furnish information to consumer reporting agencies …")). Accordingly, pursuant to 28 U.S.C. §§ 1331 and 1441(b), causes of action arising under the FCRA, insofar as they implicate a federal question, are properly removed to federal court. *See*,

*e.g.*, *Green v. NCO Inovision*, 2010 WL 147934, at *1 (D.N.J. Jan. 11, 2010); *Farley v. Williams*, 2005 WL 3579060, *1, 2 (W.D.N.Y. Dec. 30, 2005); *Caltabiano v. BSB Bank & Trust Co.*, 387 F.Supp.2d 135, 137 (E.D.N.Y. 2005).

7. Plaintiff alleges that she is a resident of Kings County, New York. *See* Ex. 3, at ¶22. Plaintiff wrongly commenced the State Court Action in New York County under the presumption that Chase "resides in New York County" because it is "headquartered in New York County." *Id.* at ¶¶21, 23. However, Chase is considered a citizen of Ohio, the location of its main office, for jurisdictional purposes. *See*, *e.g.*, *Alexander v. JPMorgan Chase Bank, N.A.*, 2021 WL 1061833, at *5 n.7 (S.D.N.Y. Mar. 18, 2021); *Wagley v. JPMorgan Chase Bank, N.A.*, 2019 WL 13223235, at *1 (S.D.N.Y. Sept. 10, 2019); *Griffith-Fenton v. JPMorgan Chase Bank, N.A.*, 2019 WL 3006537, at *3 (S.D.N.Y. July 10, 2019). Accordingly, because Plaintiff, a Kings County resident, brings this action against Chase, an Ohio resident, without any accurately pled nexus to New York County, the action is removed to the United States District Court for the Eastern District of New York.[1]

8. Copies of all process, pleadings, and orders served upon and filed by Chase in the State court action are attached hereto as required by 28 U.S.C. § 1446(a).

9. Chase is filing a copy of this Notice with the Supreme Court of the State of New York, County of New York, in accordance with 28 U.S.C. § 1446(d).

10. This Notice of Removal is also filed with a Disclosure Statement certifying the identity of all publicly traded corporate entities associated with Chase, in accordance with the requirements of Rule 7.1 of the Federal Rules of Civil Procedure.

---

[1] A related action, *Xin Yu Gao v. Experian Information Solutions, Inc., et al.*, Index No. 537510/2023, was filed in the Supreme Court of the State of New York, Kings County, and removed to this Court, Case No. 1:24-cv-03201-BMC.

WHEREFORE, defendant Chase requests that this action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Eastern District of New York.

Dated:  New York, New York  　　　　TURCOTTE LAW, P.C.
　　　　January 15, 2025

　　　　　　　　　　　　　　　　　　By:  /s/Christopher B. Turcotte
　　　　　　　　　　　　　　　　　　　　　Christopher B. Turcotte (CT-0867)
　　　　　　　　　　　　　　　　　　641 Lexington Avenue, 15th Floor
　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　(212) 937-8499
　　　　　　　　　　　　　　　　　　*Attorneys for Defendant JPMorgan Chase Bank, N.A.*